McGready *v.* McGready.

---

WM. E. McGREADY, Appellant, *vs.* ISRAEL McGREADY, Respondent.

1. The maker of a note secured by mortgage, cannot, as against a third party owning the equity of redemption, increase the charge upon the land by confessing a judgment, and thus compounding the interest.

*Appeal from Washington Circuit Court.*

*T. C. Johnson,* for appellant. After the date of his deed, Israel McGready, sr., could not, by any act of his, increase the charge upon the land. He had parted with all his title, and became a stranger to it. The appellant was entitled to

redeem, upon payment of the amount of the note with simple interest, without regard to the judgments.

*M. Frissell*, for respondent. 1. The appellant was only entitled to redeem upon paying the amount of the allowance in the county court. If he disliked having the land liable for interest on the judgment, he should have paid the debt. 2. The interest which the appellant acquired in the land was a *gift* from I. McGready, sr., made at a time when he owed this debt, and therefore subject to its payment, he having no other estate out of which it can be made.

GAMBLE, Judge, delivered the opinion of the court.

Israel McGready, sen., on the 4th September, 1841, conveyed to Israel McGready, jr., several pieces of real estate, in the county of Washington, some in the town of Potosi, and others in the country. On the 10th June, 1842, Israel McGready, jr., executed a title bond to Israel McGready, sr., in the penalty of $10,000, with a condition, in which it was recited that McGready, jr., was bound as security for McGready, sr., in a note to one White for $1,200, and that McGready, sr., was indebted to McGready, jr., by a note for the sum of $675. The condition of the bond is, that if McGready, jr., on the full payment of the said several " *bonds*," shall re-convey the real estate (mentioned in the previous deed) to James H. McGready and William Edward McGready, then the bond to be void. The note to McGready, jr., from McGready, sr., bore interest at the rate of ten per cent. At the October term of the Circuit Court of Washington county, in 1847, McGready, sr., confessed a judgment on this note in favor of McGready, jr., the interest then being computed at the sum of $586 71. Israel McGready, sr., having died, the claim of McGready, jr., against his estate, on the judgment thus confessed, was allowed and classed by the county court at the September term, 1852, the computation of principal and interest then being made and then amounting to $1,881 05. The county court, at the same

term, made an order that McGready, jr., who was the administrator of McGready, sr., should sell the mortgaged property, which the order describes as mortgaged by the deed of McGready, sr., to McGready, jr., to secure the note on which the judgment had been rendered. The county court directed the sale to be made for cash, on a day and at a place specified in the order.

The present proceeding was instituted by Wm. E. McGready to enjoin the administrator from proceeding with the sale under the order of the county court, and to redeem the property mortgaged, on the payment of the original note, with interest thereon without compounding the interest.

The record shows that, by an agreement between James H. McGready and William E. McGready, to whom the equity of redemption belonged, the debt due to White, for which Israel McGready, jr., was the security of Israel McGready, sr., should be paid by James H. McGready, and that he should take the town property mortgaged to Israel McGready, jr., while the debt to Israel McGready, jr., from McGready, sr., should be paid by William E. McGready, and that he should take the country property or farm mortgaged to McGready, jr. The debt to White was paid by James H. McGready. Upon hearing the case, the Circuit Court declared the plaintiff, William E. McGready, entitled to redeem the property upon his paying the amount allowed in the county court, with interest thereon, the whole sum, amounting at the time of the decree, to $1,906 56, and ordered the property to be sold to raise that sum, unless it was paid by an appointed day. From this judgment the complainant, William E. McGready, appealed.

1. The only question presented for consideration in the case is, whether the plaintiff, in order to redeem the property mortgaged, is bound to pay the amount of the note given by Israel McGready, sr., with interest calculated to the time of the confession of judgment, and with interest then upon the amount of that judgment, until the claim was allowed in the county court, and with interest upon the amount thus allowed in the

county court, or whether he may redeem by paying the note, with the interest thereon, without regard to the judgments.

The conveyance from the elder to the younger McGready, and the bond for the conveyance to J. H. and W. E. McGready, upon the payment of certain debts, had the effect of divesting the elder McGready of all title to, or power over the property mortgaged. Nothing appears upon the face of these instruments, to show that J. H. and W. E. McGready had not paid a valuable consideration for the property which was to be conveyed to them after the satisfaction of the debts mentioned in the bond of Israel McGready, jr. If reference is made to the evidence in the case, it will appear that the debt to White was satisfied, and McGready, jr., released from his securityship by James H. McGready, upon which event the town property was conveyed for his benefit by McGready, jr. In the condition of the title, with the plaintiff having a right to the property after the payment of the note given by McGready, sr., it was not competent for the maker and payee of the note to increase the charge upon the property by any agreement to turn the interest which had accrued upon the note into principal, without the consent of those owning the equity of redemption, nor could the same result be produced by a confession of judgment made by the maker. An incumbrancer cannot, even as against a subsequent incumbrancer, turn interest into principal. *Digby* v. *Craggs*, Ambler, 612. In the present case, the plaintiff was entitled to redeem the property on the payment of the debt for which it was mortgaged, with the interest that would grow due thereon according to the terms of the security originally given, without regard to the proceedings on the confession of judgment.

The judgment of the Circuit Court is, with the concurrence of the other judges, reversed, and the cause remanded, with directions to proceed in giving judgment according to this opinion.